Marshall E. Keller #7-6406
Keller Law Firm, P.C.
PO Box 111
116 N. 5th Street
Thermopolis, WY 82443
(307) 864-2318
marshall@kellerlawpc.com

Phillip A. Nicholas, WSB # 5-1785
Meggan J. Nicholas, WSB # 7-4856
Nicholas & Tangeman, LLC
P.O. Box 928
Laramie, Wyoming 82073
(307) 742-7140
(307) 742-7160 – Fax
nicholas@wyolegal.com

Attorneys for Plaintiff Starkie J. Cornett

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STARKIE J. CORNETT,<br>        Plaintiff,<br><br>    v.<br>PARK COUNTY BOARD OF<br>COUNTY COMMISSIONERS and its<br>PARK COUNTY ROAD AND<br>BRIDGE DIVISION OF THE PUBLIC<br>WORKS DEPARTMENT,<br>        Defendants. | )<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Starkie J. Cornett alleges as follows:

### NATURE OF THE CLAIMS

1.     This complaint is predicated on treatment Plaintiff received as an employee of Defendants in violation of the Equal Pay Act (29 U.S.C.A. § 206(d)).  On June 8th, 2020, Plaintiff timely filed a Charge of Discrimination with the Wyoming Fair Employment Program (WFEP) and the Equal Employment Opportunity Commission (EEOC).  Plaintiff's charges include allegations of unlawful discrimination against Plaintiff because of gender in violation of Title VII of the Civil

Rights Act of 1964 as amended, the Equal Pay Act of 1963, and the Wyoming Fair Employment Practices Act of 1965, as amended.

      2.      Plaintiff's charges were referred by the WFEP to the EEOC for investigation.  The EEOC has not completed its investigation, nor issued a right to sue letter.  However, the EEOC has advised Plaintiff to file suit to protect her claims for back pay under letter dated August 27, 2021, a copy of which is attached,

      3.      After the Defendants have answered in this matter, Plaintiff will request that the Court stay the trial in these proceedings until the EEOC issues its right-to-sue letter to Plaintiff on all claims arising out the facts and occurrences plead in these proceedings. Thereafter, she will seek to join her remaining claims with this proceeding.

## JURISDICTION AND VENUE

      4.      This civil action is brought on behalf of the United States to enforce the provisions of the Equal Pay Act, 29 U.S.C. §206(d); 42 U.S.C. § 2000e-5(f), under 28 U.S.C. § 1331, and under 28 U.S.C. § 1345.

      5.      Venue is proper in the United States District Court for the District of Wyoming pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

## PARTIES

      6.      The Park County Board of County Commissioners operates its Park County Road and Bridge Division under its Park County Public Works Department which has the responsibility of improving and maintaining the Park County infrastructure and therefore is a public agency, political subdivision, and/or instrumentality of the County Park, Wyoming.

      7.      The Park County Board of County Commissioners is a body corporate and

political subdivision of the State of Wyoming.

8.      The County Commissioners, and the Road and Bridge Division of the Park County Public Works Department (hereinafter, "Public Works Department") and Park County are persons within the meaning of 42 U.S.C. § 2000e(a) and employers within the meaning of 42 U.S.C. § 2000e(b), 29 U.S.C. §203(d), and 29 U.S.C. §206(d).

9.      Starkie J. Cornett ("Cornett") is a female worker employed by the Public Works Department on a seasonal basis from 2014 till November of 2016 at which time she was hired full time in the position of Equipment Operator I and is still currently employed by the Public Works Department.

10.     Plaintiff Cornett timely filed a charge of discrimination against Public Works Department with the Equal Employment Opportunity Commission ("EEOC") on or about June 8, 2020, (Charge No. 32K-2020-00108).

11.     Pursuant to Section 706 of Title VII, as amended, 42 U.S.C. § 2000e-5 and 29 C.F.R. §1621.3 the EEOCC issued a letter on August 27, 2021, to Plaintiff Cornett directing her to sue under the Equal Pay Act in order to preserve her claims while the EEOC continues to investigate her charges.

12.     All conditions precedent to the filing of this Equal Pay Protection Act suit have been performed or have occurred.

### COMPENSATION DISCRIMINATION CLAIM

13.     In or about June 2014 Plaintiff Cornett worked as a seasonal temporary hire for the Public Works Department.

14.     In or about November 2016 Plaintiff Cornett was hired as a full-time employee for the Public Works Department in the Cody, Wyoming Division.

15.     Plaintiff Cornett was hired on as an Equipment Operator I, Grade 11 Step 1,

at the wage of $13.71/hour.

16.     The Public Works Department in Cody, Wyoming, trained Plaintiff Cornett to drive a commercial truck, operate a front-end loader, mower, dozer, water truck, sweeper, plow and sander, as well as repair potholes, lay gravel, monitor flood control channels to prevent blockage, clear culverts of debris, and to safely flag traffic.

17.     Plaintiff Cornett performed work in equal skill, effort, and responsibility under the same conditions as her male equipment operator counter parts.

18.     Plaintiff Cornett began training on a grader, one of the pieces of equipment required to move up in pay grades and responsibilities.

19.     In or about July of 2017 Plaintiff Cornett was promoted a step up to Equipment Operator I, Grade 11 Step 2, and received a pay raise to §14.59/hour.

20.     In or about July of 2018 Plaintiff Cornett received a Cost-of-Living Allowance wage increase along with the rest of the Public Work Department.

21.     On or about May of 2017 Plaintiff Cornett received a step up to a Step 3 without any pay increase.

22.     On or about June of 2018 Plaintiff Cornett transferred to the Powell, WY facility of the Public Works Department.

23.     Delray "Paco" Johnson supervised and continues to supervise Cornett at the Powell, WY facility.

24.     Upon transferring to Powell, WY, training on new equipment ceased and Plaintiff Cornett was separated from the rest of the crew in work duties stymieing Cornetts career and pay increases.

25.     Once in Powell, WY division Plaintiff Cornett was not allowed to work overtime on Fridays while her male counterparts were authorized to do so.

26.     Equipment Operator II requires a high school diploma or GED plus four (4) years of experience operating specialized heavy equipment such as commercial truck, operate a front-end loader, mower, chip spreader, dozer, water truck, sweeper, plow and sander, as well as repair potholes, monitor flood control channels to prevent blockage, clear culverts of debris, and to safely flag traffic.

27.     Equipment Operator III requires the same equipment operation skills as Equipment Operator II with five (5) year of equipment operation experience including a grader, plus one (1) year of specialized training and a working knowledge of the county road system.

28.     In or about 2018 the Public Works Department hired a male Worker "TM" at an equipment Operator III level even though he did not meet the qualifications for Equipment Operator II level, and once hired he had to be trained to operate the heavy equipment such as the mower, chip spreader, dozer, water truck, grader, as well as training in monitoring flood control channels to prevent blockage, clearing culverts of debris, and laying gravel. TM also required training to become knowledgeable on the County Road systems.

29.     In or about 2019 the Public Works Department hired a male worker "KM" in the position of Equipment Operator II without the experience of running the equipment required to be an Equipment Operator II. Prior to operating the equipment KM had to be trained to operate the front-end loader, mower, chip spreader, dozer, water truck, sweeper, plow and sander, as well as training in repairing potholes, monitor flood control channels to prevent blockage, clear culverts of debris, laying gravel, and to safely flag traffic.

30.     During the Board's FY 2020 spanning calendar years 2019 to 2020, Plaintiff Cornett received a total pay of $32,041.01 while KM received $34, 742.60 and another male employee "TM" was paid $43,494.36. Both KM and TM were performing the same equivalent work as Plaintiff.

31.     During the Board's FY 2021 spanning calendar years 2020 to 2021, Plaintiff Cornett received $33,276.79 while KM received $35,439.60 and Morrison received $44,984.11.

32.     During the years of 2019 to 2021, Plaintiff Cornett continued to work under the same conditions as her male counter parts and had to put in the same effort as her male counterparts. She already had more skill and time running equipment and had the equal responsibilities as her male counterparts.

33.     In or about of June 2021 Plaintiff Cornett was given a promotion to Equipment Operator Grade 12 Step 5 from her previous Grade 11 Step 5 and a pay raise to $16.04/hour from $15.32/hour.

34.     In or about July 2021, Plaintiff Cornett was again promoted to Equipment Operator II Grade 15 Step 1 and $17.40/hour.

35.     Plaintiff Cornett had more seniority, time operating specialized equipment, and knowledge of county road systems than her male counter parts hired at higher pay rates then her during her employment at the Powell, WY division of the Public Works Department.

36.     Plaintiff Cornett, TM, and KM all reported to Delray "Paco" Johnson upon hiring in the Public Works Department in Powell, WY and continue to report to Delray "Paco" Johnson.

37.     By the actions described above, among others, Defendant has violated the Equal Pay Act.

38.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the Equal Pay Act, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

39.     Plaintiff is further entitled to an award of liquidated damages, reasonable costs and attorney's fees.

40.     Plaintiff Cornett timely filed a complaint with the State of Wyoming Fair Employment Program and the EEOC.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that the Court grant the following relief:

(a)     Award Plaintiff backpay and all other appropriate monetary and equitable relief, including the value of any lost employment benefits, to Cornett, in an amount to be determined at trial in order to make her whole for the loss she suffered as a result of the discriminatory conduct alleged in this Complaint.

(b)     Award Cornett any prejudgment interest on the amount of lost wages and benefits determined to be due;

(c)     An award of liquidated damages and sums allowed by law because of Defendant's wrongful conduct;

(d)     Order Public Works Department to institute policies, practices, and programs to ensure a non-discriminatory workplace pay and promotion practices, including but not limited to implementing appropriate policies and providing adequate training to all employees and officials regarding compensation discrimination and

(d)     Award such additional relief as justice may require, together with the United States' costs and disbursements in this action

**JURY DEMAND**

Plaintiff requests a trial to jury on all issues so triable.

Marshall E. Keller #7-6406
Keller Law Firm, P.C.
PO Box 111
116 N. 5th Street
Thermopolis, WY 82443
(307) 864-2318
marshall@kellerlawpc.com

7

/s/  Philip A. Nicholas
Philip A. Nicholas # 5-1785
P.O. Box 928
Laramie, Wyoming 82073
(307) 742-7140
Fax: (307) 742-7160
E-mail:  nicholas@wyolegal.com