Thomas A. Thompson, #6-2640
MacPherson & Thompson, LLC
P.O. Box 999
616 W. Buffalo
Rawlins, WY 82301
(307) 324-2713-phone
(307) 324-7348-fax
tthompson@wyomingattorneys.net
Attorney for Defendants, Park County
Board of County Commissioners and its
Park County Road and Bridge Division
of the Public Works Department

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STARKIE J. CORNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 22-CV-00034 |
| | ) | |
| PARK COUNTY BOARD OF COUNTY | ) | |
| COMMISSIONERS and its PARK COUNTY | ) | |
| ROAD AND BRIDGE DIVISION OF THE | ) | |
| PUBLIC WORKS DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND ASSERTION OF AFFIRMATIVE DEFENSES
## OF DEFENDANTS

**COME NOW** the Defendants, Park County Board of County Commissioners and its Park County Road and Bridge Division of the Public Works Department, by and through their attorney Thomas A. Thompson, of MacPherson & Thompson, LLC, and hereby files their Answer and Assertion of Affirmative Defenses to *Plaintiff's First Amended Complaint* (hereinafter "Complaint") filed by Plaintiff as follows:

1.      In response to paragraph 1 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same,

1

but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

2.      In response to paragraph 2 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

3.      In response to paragraph 3 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

4.      In response to paragraph 4 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

5.      In response to paragraph 5 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

6.      In response to paragraph 6 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

7.      In response to paragraph 7 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same,

2

but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

8.      In response to paragraph 8 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

9.      In response to paragraph 9 of Plaintiff's Complaint, Defendants admit that Plaintiff is a female and was employed by Park County on a seasonal basis for a period of time in 2016. Defendants admit that Plaintiff is currently employed with Park County as a full time employee. Defendants admit that when Plaintiff was hired as a full- time employee, it was as an Equipment Operator I. Defendants deny each and every remaining allegations not specifically admitted herein.

10.     In response to paragraph 10 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

11.     In response to paragraph 11 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

12.     In response to paragraph 12 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

13.   In response to paragraph 13 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

14.   In response to paragraph 14 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

15.   In response to paragraph 15 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

16.   In response to paragraph 16 of Plaintiff's Complaint, Defendants admit the allegations contained therein with the exception that Defendants deny Plaintiff was trained to operate a dozer and lay gravel.

17.   In response to paragraph 17 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

18.   In response to paragraph 18 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein that Plaintiff began training on a grader and therefore deny the same. In response to the remaining allegations in paragraph 18 of Plaintiff's Complaint, Defendants denies the remaining allegations as pled.

19.   In response to paragraph 19 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

20.   In response to paragraph 20 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

21.   In response to paragraph 21 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

22.   In response to paragraph 22 of Plaintiff's Complaint, Defendants admit the allegations contained therein and affirmatively allege that said transfer was done upon Plaintiff's request.

4

23.     In response to paragraph 23 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

24.     In response to paragraph 24 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

25.     In response to paragraph 25 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

26.     In response to paragraph 26 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

27.     In response to paragraph 27 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

28.     In response to paragraph 28 of Plaintiff's Complaint, Defendants admit that in 2018 a male with the initials "TM" was hired. The remaining allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

29.     In response to the first sentence of paragraph 29 of Plaintiff's Complaint, Defendants admit that in 2019 a male with the initials "KM" was hired. Defendants deny each and every allegation not specifically admitted herein.

30.     In response to paragraph 30 of Plaintiff's Complaint, Defendants admit the first sentence of paragraph 30. Defendants deny each and every remaining allegation contained therein.

31.     In response to paragraph 31 of Plaintiff's Complaint, Defendants admit the allegations contained therein as they are directed to Plaintiff's pay. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein as they are alleged concerning KM and TM and therefore deny the same.

32.     In response to paragraph 32 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

33.     In response to paragraph 33 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

34.     In response to paragraph 34 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

35.     In response to paragraph 35 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

36.     In response to paragraph 36 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

37.     In response to paragraph 37 of Plaintiff's Complaint, Defendants deny the allegations contained therein that allege Delray "Paco" Jones was her supervisor upon hiring in the Public Works Department in Powell, Wyoming. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein as they are alleged concerning

6

KM and TM and therefore deny the same. Defendants admit that portion of paragraph 37 that allege that Plaintiff currently reports to Delray "Paco" Jones. Defendants deny each and every other allegation, not specifically admitted herein.  38.     In response to paragraph 38 of Plaintiff's Complaint,  the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

39.     In response to paragraph 39 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

40.     In response to paragraph 40 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

41.     In response to paragraph 41 of Plaintiff's Complaint, the allegations in said paragraph are purportedly statements of law that do not require Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

42.     Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

43.     As a further and separate defense to the Complaint, the Defendants assert that the Complaint fails to state a claim upon which relief can be granted.

7

44.     As a further and separate defense to the Complaint, the Defendants assert that the claims and causes of action set forth therein are barred as a matter of fact and law by the applicable statute of limitations.

45.     As a further and separate defense to the Complaint, the Defendants assert that they are entitled to immunity as a matter of fact and law from the claims and causes of action asserted therein.

46.     As a further and separate defense to the Complaint, the Defendants assert that the Plaintiff has failed to mitigate any damages she may have incurred or suffered as the result of any action or conduct of the Defendants.

47.     As a further and separate defense to the Complaint, the Defendants assert that the Plaintiff is estopped by her conduct to assert any of the claims or causes of action asserted therein.

48.     As a further and separate defense to the Complaint, the Defendants assert the defense of laches to any of Plaintiff's claims or causes of action asserted therein

49.     As a further and separate defense to the Complaint, the Defendants assert that the claim for liquidated damages is barred as a matter of fact and law.

50.     As a further and separate defense to the Complaint, the Defendants assert that the Plaintiff's claims or causes of action are defective and barred due to Plaintiff's failure to comply with the requirements of the Wyoming Governmental Claims Act [Wyo. Stat. Ann. §§ 1-39-101, et seq.].

51.     As a further and separate defense to the Complaint, the Defendants assert that no act or omission of the Defendants was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of liquidated damages is barred.

52.    As a further and separate defense to the Complaint, the Defendants assert that the Plaintiff, by her conduct, has waived the right to assert any of the claims or causes of action asserted therein.

53.    As a further and separate defense to the Complaint, the Defendants assert that the Plaintiff has failed to exhaust her administrative remedies and thereby is barred from asserting any of her claims or causes of action.

54.    As a further and separate defense to the Complaint, the Defendants assert that any pay differential alleged by Plaintiff was done for a legitimate, nondiscriminatory reason other than sex. 29 U.S.C.A. § 206(d).

55.    The Defendants reserve the right to amend these pleadings to assert any further or additional affirmative defenses that discovery in this case discloses.

**WHEREFORE**, the Defendants respectfully request that the Complaint be dismissed with prejudice, that the Defendants be awarded their attorney's fees, costs, and expenses of this action, and for such other and further relief as the Court deems just and proper under the circumstances.

**DATED** this 19th day of April, 2022.

/s/ Thomas A. Thompson
Thomas A. Thompson, #6-2640
MacPherson & Thompson, LLC
P.O. Box 999
616 W. Buffalo
Rawlins, WY 82301
(307) 324-2713-phone
(307) 324-7348-fax
Attorney for Defendants, Park County
Board of County Commissioners and its
Park County Road and Bridge Division
of the Public Works Department

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of April, 2022, I electronically filed the foregoing instrument with the Clerk of the Court using the electronic filing system, which will send notification of such filing to the registered CM/ECF user at the following email addresses.

Marshall E. Keller
Keller Law Firm, P.C.
PO Box 111
116 N. 5th St.
Thermopolis, WY 82443
marshall@kellerlawpc.com

Phillip A. Nicholas
Meggan J. Nicholas
Nicholas & Tangeman, LLC
PO Box 928
Laramie, WY 82073
nicholas@wyolegal.com

/s/ Thomas A. Thompson
For MacPherson & Thompson, LLC

Filed by: js