

*Patricia L. Pacey, Ph.D.*
*Jeffrey E. Nehls, M.A.*
*Hannah J. Suarez, M.S.*
*Jake M. Zieba, B.A.*

3005 Center Green Drive
Suite 200
Boulder, CO 80301
(303)530-5333
www.paceyecon.com

February 16, 2024

Marshall E. Keller, Esq.
Keller Law Firm, P.C.
116 North 5th Street
Thermopolis, Wyoming 82443
(307) 864-2318
marshall@kellerlawpc.com

RE:    Starkie J. Cornett v. Park County Board of County Commissioners and its Park
       County Road and Bridge Division of the Public Works Department
       In the United States District Court for the District of Wyoming
       Case No. 22-CV-00034

Dear Mr. Keller:

The purpose of this letter is to present my opinion regarding the economic losses to Ms. Starkie Cornett resulting from a claim of compensation discrimination.

This letter includes background information and relevant dates and timeframes in the next sections, followed by discussion and summary of the economic damage analysis. Case-specific documents are listed in Appendix A and my curriculum vitae, testimony lists, and fee schedule letter are included in Appendix B.

Marshall E. Keller, Esq.
February 16, 2024
Page 2

**BACKGROUND**

Ms. Starkie Cornett began full-time employment as an Equipment Operator I with Park County's Public Works Department in November of 2016, after completing some temporary/part-time work with the county in the prior year and one-half. In her full-time position she was responsible for driving commercial trucks, operating a front-end loader, mower, dozer, etc., as well as repairing potholes, laying gravel, and performing other road maintenance and safety work. In June of 2018, Ms. Cornett was transferred to the Powell, Wyoming facility of the public works department, and afterwards it is understood her training on new equipment essentially ceased, and she was not authorized to work overtime. In 2018, the Public Works Department hired Mr. Morrison, a male, as an Equipment Operator III; although, it is claimed he did not meet the qualifications for Equipment Operator III or even Operator II. In 2019, the department hired Mr. Marchant, another male, as an Equipment Operator II; although, it is claimed he also did not have the required experience. It is understood a third male counterpart, Mr. Briggs, was also hired around this time and held a position and responsibilities similar to those of Ms. Cornett. In the subsequent years, these male counterparts continued to hold higher positions and earn more compensation than Ms. Cornett, despite having less experience, seniority, and time operating the equipment. Ms. Cornett was promoted to Operator II in July 2021 but relates that she continues to not have the opportunity to operate any specialized equipment.

(Of note, at this time I have somewhat limited information regarding Ms. Cornett's male counterparts including specific hire dates, education, training, work experience, etc. As additional information becomes available, adjustments to this analysis may be made.)

**ECONOMIC LOSS EVALUATION**

Earnings losses in this analysis concern the difference between compensation received by Ms. Cornett and compensation received by her relevant male "comparators," Messrs. Morrison, Marchant, and Briggs.

*Wages*

Chart 1 below provides each individual's wages from July 2018 through July 2023. These wages are based on the annual salary reports published by the Park County Clerk's office. Of note, the salary data provided by Park County is presented in fiscal years starting and ending July 1 of each year; as such, the below chart and tables present the data in a similar fashion.

*Chart 1 – The Wages Paid to Ms. Cornett and her Male Counterparts*



Table 1 below provides the same information as Chart 1.

*Table 1 – The Wages Paid to Ms. Cornett and her Male Counterparts*

| Time Period | Morrison | Briggs | Marchant | Cornett |
|---|---|---|---|---|
| 7/2018-7/2019 | $42,162 | $34,507 | $34,507 | $31,866 |
| 7/2019-7/2020 | 43,494 | 35,503 | 34,744 | 32,041 |
| 7/2020-7/2021 | 44,984 | 37,317 | 35,648 | 33,277 |
| 7/2021-7/2022 | 47,223 | 40,788 | 38,271 | 37,191 |
| 7/2022-7/2023 | 51,091 | 45,945 | 41,886 | 41,217 |
| **Total** | **$228,955** | **$194,060** | **$185,056** | **$175,591** |

*Benefits*

As some employer provided benefits are wage driven (i.e., are a function of one's wages), there are benefit losses associated with the wages losses. Examples of these benefits include the employer's contribution to the Wyoming Retirement System and the employer's contribution to Social Security. Other benefits (e.g., health coverage) are not a function of one's wage and there are no losses associated with those benefits.

Based on Ms. Cornett's pay receipts, an additional 17.6% to 18.1% of money wages, depending on the year analyzed, are incorporated to account for the employer's contribution to the Wyoming Retirement System. This analysis includes mandatory benefits of 7.65% of money wages to account for the employer's contributions to Social Security.

*Economic Loss Amounts*

For purposes of this analysis, for the period from July 2023 to July 2024, it is assumed that the difference in pay between Ms. Cornett and her male counterparts will be similar to those seen during the prior period (July 2022 to July 2023). No front pay losses are included in this analysis at this time; although, to the extent Ms. Cornett's pay is not increased to match or exceed her male counterparts with less seniority, there would be an ongoing loss similar to those seen in recent periods. Table 2 demonstrates the difference in pay by fiscal year for each of the three comparators and also provides the benefit losses.

*Table 2 – Wage and Benefit Differences by Period*

| Period | Morrison vs. Cornett | | Briggs vs. Cornett | | Marchant vs. Cornett | |
|---|---|---|---|---|---|---|
| | Wages | Benefits | Wages | Benefits | Wages | Benefits |
| 7/18-7/19 | 10,296 | 2,538 | 2,642 | 651 | 2,642 | 651 |
| 7/19-7/20 | 11,453 | 2,892 | 3,462 | 874 | 2,703 | 682 |
| 7/20-7/21 | 11,707 | 2,956 | 4,041 | 1,020 | 2,372 | 599 |
| 7/21-7/22 | 10,032 | 2,583 | 3,597 | 926 | 1,080 | 278 |
| 7/22-7/23 | 9,874 | 2,533 | 4,728 | 1,213 | 669 | 172 |
| 7/23-7/24[1] | 9,874 | 2,533 | 4,728 | 1,213 | 669 | 172 |
| Sub Total | 63,238 | 16,035 | 23,196 | 5,897 | 10,134 | 2,554 |
| Grand Total | $79,272 | | $29,094 | | $12,687 | |

---

[1] Amounts projected based on prior period amounts.

Marshall E. Keller, Esq.
February 16, 2024
Page 5

As additional information becomes available, an adjustment to this analysis may be made.

### CONCLUSION

The following summary details economic losses by component over the past and future time periods. Based upon the analysis presented here, an aggregate fund ranging from $12,700 to $79,300 will compensate Ms. Starkie Cornett for the probable economic losses from the date of the incident to July 2024. No front pay losses are included in this analysis at this time.

No non-economic losses (e.g., mental anguish) have been included in this analysis. Also, unless specifically stated, this evaluation makes no offset for any monies received prior to the issuance of this report. If you have any additional questions or require any further clarification, please feel free to contact us.

I certify that under penalty of false swearing, the foregoing is true. Executed this 16th day of February 2024, in Boulder County, Colorado.

_____
Jeffrey E. Nehls, M.A.

Marshall E. Keller, Esq.
February 16, 2024
Page 6

## SUMMARY OF ECONOMIC LOSS AMOUNTS (PAY DIFFERENCES)
### MS. STARKIE CORNETT

### BACK PAY LOSSES

|  | MORRISON | BRIGGS | MARCHANT |
|---|---|---|---|
| WAGES | $63,200 | $23,200 | $10,100 |
| BENEFITS | 16,100 | 5,900 | 2,600 |
| TOTAL BACK PAY LOSS | $79,300 | $29,100 | $12,700 |

### FRONT PAY LOSSES

|  | MORRISON | BRIGGS | MARCHANT |
|---|---|---|---|
| WAGES | TBD[1] | TBD | TBD |
| BENEFITS | TBD | TBD | TBD |
| TOTAL FRONT PAY LOSS | TBD | TBD | TBD |

---

[1] TBD = To Be Determined

# Appendix A

**MATERIALS RECEIVED AND REVIEWED**

*The following documents have been received and reviewed in this case. Also listed are specific inquiries and/or research related to this case performed by this office. Additionally, my background, experience, and a wealth of broad and comprehensive economic data and standard methodology serves as a foundation for this analysis.*

**Documents:**

- W-2s for the years 2016 through 2022 and Social Security Statement Bates labelled 1000-1019

- First Amended Complaint

- Plaintiff's Response to First Set of Interrogatories

- Plaintiff's Rule 26 Initial Disclosures

- Joint Report of Meeting and Proposed Joint Discovery and Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure

- Stipulated Motion to Extend Dates

- Employee files from Park County Bates labelled 023-047 and PARKCO00893-01196

- Park County Gross Monthly Salaries for the fiscal years starting July 1, 2018 through July 1, 2021

- Letters and compensation statements Bates labelled 3009-3016

- Compensation information Bates labelled PARKCO01826

**Specific inquiries and/or further research:**

- Telephone interview with the client, Ms. Starkie Cornett

- Park County Gross Monthly Salaries for the fiscal years starting July 1, 2021 through July 1, 2023



# Appendix B
# Jeffrey E. Nehls, M.A.

- **Curriculum Vitae**
- **Deposition List**
- **Trial List**
- **Fee Letter**



# Jeffrey E. Nehls, M.A.
ECONOMIST

## CONTACT

3005 Center Green Dr, Ste 200
Boulder, Colorado 80301

303-530-5333

jnehls@paceyecon.com

## EDUCATION

**University of Colorado, Denver**
Master of Arts in Economics, May 2015

**University of Puget Sound, Tacoma, Washington**
Bachelor of Economics, Minor in Mathematics, 2007

**Denver Metro Chamber Leadership Foundation**
Impact Denver – Leadership Program, January - June 2016



## WORK EXPERIENCE

**Pacey Economics, Inc.,**
Boulder, Colorado
Economist, April 2009 to present

- Conduct economic damage analyses and provide written reports and testimony for litigation-related consulting projects regarding personal injury, wrongful death, employment termination, and business disputes

    - Integrate issues of occupational mobility, labor force participation, age-earnings profiles, disabled workers in the labor market, etc.

    - Specify the present value costs of additional medical care or services required of an injured party

    - Provide analysis of employment termination matters, including statistical analysis of various employment practices as well as economic evaluation of damages. Prepare charts, graphs and other demonstrative tools

- Conduct public policy analyses and research and prepare written reports

- Research and review data including wage and benefit studies, worklife/retirement issues, macroeconomic data, labor market participation issues, age-earnings profiles, employer provided benefits, etc.

- Perform regression analyses and other statistical analyses primarily using STATA, SAS (certified SAS programmer), and R as well as Microsoft Excel.

- **Publications (co-author)**

    - "Colorado School District Cost of Living Analysis," February 2016 and March 2018 on behalf of Colorado Legislative Council

    - "Housing Market Analysis: Supply and Demand," January 2015 on behalf of Build Our Homes Right

    - "The Declining Enrollment Study: A Comprehensive Review of Funding for Colorado Public School Education," March 2010 on behalf of Colorado Department of Education

    - "Colorado PERA's Economic & Fiscal Impacts," August 2009, November 2011, April 2015, December 2016, and December 2018 on behalf of Colorado Public Employees' Retirement Association (PERA)

    - Economic Value Analysis for Arkansas River Outfitters - 2022

- **Presentations**

    - Presentation regarding the socioeconomic conditions of public television stations' coverage area populations, April 2019 and July 2023 – Corporation for Public Broadcasting Television Community Services Grant Panel Review Meeting

    - "Evaluating Earnings When the Injured Party Is Self-Employed or Owns Small Business," August 2016 Colorado Trial Lawyers Association (CTLA) Annual Convention

    - "The Economic State of the City of Boulder and Its Employees," May 2016

**Front Range Community College**
Adjunct Economics Professor, 2019 to 2020

**Department of Defense - Edelweiss Lodge and Resort**
Germany
Conference Center Technician and Professional Ski Instructor, August 2007 to April 2009

- Provided assistance and instruction with multimedia technology in a U.S. Army conference center; set up conference rooms and technology; worked directly with clients to ensure a successful conference

- Level II certified Professional Ski Instructor of America; taught skiing to all ages and skiing abilities

# PROFESSIONAL ASSOCIATIONS

- Denver Association of Business Economists (DABE)

- National Association of Business Economists (NABE)

- American Economic Association

# Jeffrey E. Nehls, M.A.
## Pacey Nehls Economic Consulting
### Deposition Testimony

| YEAR | CASE | NUMBER | COURT |
|---|---|---|---|
| Feb-24 | Macey Gonzales, et al. v. HCA-HealthONE, LLC d/b/a Rose Medical Center, et al. | 22-CV-33426 | Denver County District Court, Colorado |
| Aug-23 | Doris Thrush v. CNH Industrial America, LLC | 22-CV-02345 | U.S. District Court, Kansas |
| Jul-23 | Adrienne Greene v. The Office of the Denver District Attorney | 22-CV-30597 | Denver County District Court, Colorado |
| Jul-23 | Scott Stillman v. UC Health d/b/a UCHealth Primary Care–Hilltop, et al. | 22-CV-30399 | Denver County District Court, Colorado |
| Jun-23 | Rebekah Ybarra v. Daniel Ramirez Loera, et al. | 21-CV-33392 | Denver County District Court, Colorado |
| May-23 | Chris Covelli, et al. v. Toyota Motor Corporation, et al. | 21-CV-30639 | Larimer County District Court, Colorado |
| Mar-23 | Benjamin Byerly v. Nathan Gillette et al. | 22-CV-30437 | Douglas County District Court, Colorado |
| Oct-22 | Focused Car Wash Solutions Corp. v. CBML Enterprises, LLC, et. al. | 20-CV-30746 | Jefferson County District Court, Colorado |
| Oct-22 | Sislow Family Dental, PLLC v. Jeffrey L. Kaes, DDS, PC | 21-1219A | Judicial Arbiter Group, Inc. |
| Aug-22 | Marcie Faye Haslett v. Keirton Inc. and Keirton USA Inc. | 21-CV-01112-MEH | U.S. District Court, Colorado |
| Jul-22 | LaTarsha Flores and Samuel Jackson, et al. v. City of Aurora, et al. | 1:20-CV-00618-RBJ | U.S. District Court, Colorado |
| Jun-22 | Dennis Craig and Terry Craig v. Big O Tires, LLC, et al. | 20-CV-30754 | Douglas County District Court, Colorado |
| May-22 | Robert Sandidge v. Hyatt Corporation, d/b/a Grand Hyatt Denver, et al. | 20-CV-30246 | Denver County District Court, Colorado |
| Apr-22 | Robert Santella and Barbara Santella v. Kevin Boyer, MD | 21-CV-030007 | Douglas County District Court, Colorado |
| Apr-22 | Wesley Nelson v. Toyota Motor Corporation, et al. | 1:20-CV-03119-WJM | U.S. District Court, Colorado |
| Mar-22 | Jack and Michelle Castleman v. Christian S. Carson, et al. | 21-CV-30000 | Routt County District Court, Colorado |
| Jan-22 | Espedito Passaro v. Julio Enrico Rios, M.D., et al. | 502018CA008195XXXXMB | Palm Beach County Circuit Court, Florida |
| Jan-22 | Francisco Cuevas v. Public Service Company of Colorado (d/b/a) Xcel Energy, et al. | 19-CV-34285 | Denver County District Court, Colorado |
| Dec-21 | James Murphy and Margaret Murphy v. Holman Transportation Services, Inc. | 20-CV-34321 | Denver County District Court, Colorado |
| Dec-21 | David T. Bancroft and Lynne Bancroft v. Polaris Industries Inc., et al. | 20-CV-030012 | Douglas County District Court, Colorado |
| Oct-21 | Ralph Mitchell and Jodi Mitchell v. William E. Rosenthal | 20-CV-778 | U.S. District Court, Colorado |
| Oct-21 | Erin and John Black v. Kek Enterprises, LLC, D/B/A Konrad's Kitchen and Tap House, et al. | 16-CV-15705 | Jackson County Circuit Court, Missouri |
| Sep-21 | Meghan Meehan v. Thomas Mulcahy, et al. | 20-CV-34280 | Denver County District Court, Colorado |
| Jun-21 | James T. Allen v. KC Medical, P.C., et al. | 20-CV-30537 | Douglas County District Court, Colorado |
| Jan-21 | Branden Smejkal v. Birds of Paradise, LLC d/b/a Paradise Café, et al. | 19-CV-30038 | Gunnison County District Court, Colorado |
| Dec-20 | Michael Sanchez v. City and County of Denver Commissioners, et al. | 19-CV-01307-DDD-SKC | U.S. District Court, Colorado |
| Sep-20 | Jenette Alie v. McCollister's Transportation System, et al. | 19-CV-34488 | Denver County District Court, Colorado |
| Jul-20 | Benjamin L. Gerig v. University of Denver | 1:19- cv-00914-CMA-KLM | U.S. District Court, Colorado |
| Jun-20 | Joshua Batchelor, et al. v. Cannon Oil & Gas Well Service, Inc. et al. | Civil No. CV-19-14-L | Sweetwater County District Court, Wyoming |
| May-20 | Harry Vanderkooi v. Nicole Sparks | 19-CV-30116 | Summit County District Court, Colorado |
| May-20 | John A. Seymour, et al. v. St. Mary's Medical Center, Inc., et al. | 502017CA005933XXXXMB | Palm Beach County Circuit Court, Florida |
| Apr-20 | Erin R. Nichols, et al. v. Kimberly Heroux, M.D., et al. | 50-2018-CA-011975 | Palm Beach County Circuit Court, Florida |
| Apr-20 | Brock Winke and Jennifer Winke v. Abdallah Batayneh, et al. | 19-CV-33246 | Denver County District Court, Colorado |
| Jan-20 | Chase Harvey v. Russell Dahlgren, et al. | 190-928 | Laramie County District Court, Wyoming |

# Jeffrey E. Nehls, M.A.
## Pacey Nehls Economic Consulting
### Trial Testimony

| YEAR | CASE | NUMBER | COURT |
|---|---|---|---|
| Jan-24 | Anne Frankovich v. Walmart, Inc., et al. | 1:22-CV-00674 | U.S. District Court, Colorado |
| Jan-24 | Joyce Matthews v. Eloy Romano-Flores, et al. | 22-CV-30722 | Arapahoe County District Court, Colorado |
| Dec-23 | Beverly Kneebone v. Tasos A. Belegratis, DDS, et al. | 22-CV-31662 | Denver County District Court, Colorado |
| Nov-23 | Focused Car Wash Solutions Corp. v. CBML Enterprises, LLC, et al. | 20-CV-30746 | Jefferson County District Court, Colorado |
| Sep-23 | Thony Isaac v. Starbucks Coffee Company, Ltd and Fabulous Hornet, LLC | 21-CV-031469 | Arapahoe County District Court, Colorado |
| Aug-23 | Tonya Gilley v. Joel Roche | 20-CV-31581 | Arapahoe County District Court, Colorado |
| Jul-23 | Chris Covelli, et al. v. Toyota Motor Corporation, et al. | 21-CV-30639 | Larimer County District Court, Colorado |
| Jul-23 | Jerry Michael Gyrion, Jr. v. Dillon Companies, LLC d/b/a King Soopers, Inc. | 1:21CV-00098 | U.S. District Court, Colorado |
| Jul-23 | Bryan Clucas v. C.R. Towing, LLC and Anthony Fernandez | 2020-CV-030520 | Arapahoe County District Court, Colorado |
| Jun-23 | Micayla Smith v. Lydia Sisneros | 22-CV-030118 | Denver County District Court, Colorado |
| May-23 | John David Terrien v. Amanda Kanne | 21-CV-30260 | Douglas County District Court, Colorado |
| Apr-23 | Kenneth Medina v. Jonathan Trujillo and Trax Construction Inc. | 21-CV-30937 | El Paso County District Court, Colorado |
| Feb-23 | Sarah Hathor v. Anna Johnson | 22-CV-030338 | El Paso County District Court, Colorado |
| Feb-23 | Jonathan Hayes v. Frontier Airlines, Inc. | 2022-AIR-00014 | Office of Administrative Law Judges, Colorado |
| Dec-22 | Dennis Craig and Terry Craig v. Parker Pines, LLC. d/b/a Big O Tires | 20-CV-30754 | Douglas County District Court, Colorado |
| Aug-22 | Wendi Gray v. Wal-Mart, Inc. d/b/a Wal-Mart Neighborhood Market | 20-CV-32182 | El Paso County District Court, Colorado |
| Aug-22 | Thomas Scherrer & Alessandra Scherrer v. Portercare Adventist Health System | 21-CV-030189 | Denver County District Court, Colorado |
| Aug-22 | Tamie J. Keller, et al. v. Wear Parts and Equipment Co., Inc., et al. | 19-CV-031998 | Adams County District Court, Colorado |
| Jan-22 | Robert Allen Harvey and Elaine Harvey vs. Halliburton Energy Services, Inc. | 1310024337 | Arbitration |
| Dec-21 | Devan Griffin & Alexander Whitney v. Farmers Insurance Exchange, Inc., et al. | 20-CV-32377 | Denver County District Court, Colorado |
| Dec-21 | Tamy Perng v. Johnson, et al. | 20-CV-32155 | Denver County District Court, Colorado |
| Nov-21 | Brian Cutter et al. v. Plaza Insurance Company | 20-CV-01083 | U.S. District Court, Colorado |
| Jul-21 | Shelleen Salazar-Figueroa v. Valinda Carlson | 19-CV-3426 | Denver County District Court, Colorado |
| Jul-21 | Allison Foley vs. Thomas J. Van Oss | 19-CV-30034 | Douglas County District Court, Colorado |
| Apr-21 | William T. Harris, III v. Falcon School District 49, et al. | 18-CV-02310-RBJ | U.S. District Court, Colorado |
| Mar-21 | Mark Connors v. Melissa P. Newkirk | 20-CV-30149 | Jefferson County District Court, Colorado |
| Nov-19 | John C. Swenson v. Reagan Anderson, D.O., et al. | 18-CV-31997 | El Paso County District Court, Colorado |



*Patricia L. Pacey, Ph.D.*
*Jeffrey E. Nehls, M.A.*
*Hannah J. Suarez, M.S.*
*Jake M. Zieba, B.A.*
*Michael Kaiser-Sissons, B.A.*

3005 Center Green Drive
Suite 200
Boulder, CO 80301
(303)530-5333
www.paceyecon.com
**Tax I.D. #: 84-1239215**

December 19, 2023

Marshall E. Keller, Esq.
Keller Law Firm, P.C.
116 North 5th Street
Thermopolis, Wyoming 82443
(307) 864-2318

Dear Mr. Keller:

I am pleased you have contacted us about the **Cornett** matter. If you decide to use our services, we request receipt of the documents via email or file share service one month prior to any due date, although exceptions can be made to this policy.

The standard report fees are an hourly rate of $300 per hour for Jeffrey Nehls and $175 per hour for other professional staff. The hourly fee is billed for all consultations with the client, attorney or other relevant individuals, deposition and trial preparation (via phone or in person), as well as any research. A retainer of $1500 is requested at the time you send the case documents and, unless other specific payment arrangements have been made with our office, the remainder is due 90 days after the issuance of this report.

Testimony is billed hourly for all time associated with depositions and trials. Depositions are scheduled remotely for two hours unless additional time is specifically requested. Please verify with opposing counsel the length of time needed before scheduling. Special requests for on-site depositions will be considered. A four-hour minimum will be charged for a trial appearance. For trial, we will make every effort to be available in person; however, a video deposition may be required in order to preserve our testimony if a scheduling conflict occurs. Out-of-state trial appearance is a flat rate of $3,500 plus travel expenses.

|  | *Testimony (first hour)* | *Testimony per hour (after first hour)* |
|---|---:|---:|
| *Jeffrey Nehls, M.A.* | $700 | $400 |

If additional work is required (i.e., updated reports, affidavits, a written critique/evaluation of damages proffered by the opposing party, etc.), hourly rates apply. No charge will be made for discussions.

Marshall E. Keller, Esq.
December 19, 2023
Page 2 of 2

Given office responsibilities and scheduling issues, expedited reports due within five working days of receiving necessary documents may require an additional rush fee of $2,000.  **Please notify our office immediately (via email or in writing) once a trial date has been set or changed or if any rebuttals to the analysis have been proffered by opposing counsel.**  As new information/documents become available, please forward them so we can determine if adjustments are necessary.  If you have any questions, feel free to contact us.

Sincerely,

_____
Michael J. Kaiser-Sissons, B.A.
On Behalf of Pacey Economics, Inc.