Thomas A. Thompson [Wyo. State Bar No. 6-2640]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
tthompson@lglp.net

Attorney for Defendants: Park County Board of County Commissioners, and Park County Road and Bridge Division

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STARKIE CORNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-CV-00034-ABJ |
| | ) | |
| PARK COUNTY BOARD OF COUNTY | ) | |
| COMMISSIONERS and PARK COUNTY | ) | |
| ROAD AND BRIDGE DIVISION OF | ) | |
| THE PUBLIC WORKS DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

---

**COME NOW** the Defendants, Park County Board of County Commissioners and

Park County Road and Bridge Division, by and through their undersigned attorney, and

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure file Defendants' Motion

for Protective Order to prohibit Plaintiff's counsel from taking the depositions of Park

County and Prosecuting Attorney Bryan A. Skoric and Park County Deputy Attorney

Jack R. Hatfied (hereinafter "Skoric" and "Hatfield") and to quash the subpoena duces

tecum for the production of documents at their depositions. In support of said Motion, Defendants certify that Defendants have conferred with opposing counsel in a good faith effort to resolve this matter without Court intervention. In support of this Motion the Defendants' state and allege as follows.

## BACKGROUND

The Plaintiff filed her First Amended Complaint on March 4, 2022 [Doc. 3]. Plaintiff's Complaint alleges unlawful discrimination (pay) because of gender in violation of Title VII of the Civil Rights Act of 1964 as amended, the Equal Pay Act of 1963, and the Wyoming Fair Employment Act of 1965, as amended. *Id.* at ¶ 1.

Plaintiff is employed by Park County Road and Bridge. Park County has an equal opportunity policy that prohibits unlawful discrimination in the workplace, including wage discrimination. The Park County Personnel Policy provides that complaints of discrimination shall be directed to the Park County Attorney for investigation. The policy also provides that the investigation will include interviews of witnesses, the person alleged to have committed the discrimination and an interview with the person alleging discriminatory conduct. (Exhibit A).

Plaintiff reported her allegations of wage discrimination to the Park County Attorney for investigation. The Park County Attorney's Office began an investigation into Plaintiff's allegations of wage discrimination.  After the investigation was initiated, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity

Commission (EEOC). By letter dated July 15, 2020 the Park County and Prosecuting Attorney responded to the EEOC concerning Plaintiff's Charge of Discrimination. The letter notes that the investigation had not been concluded, but also notes that the evidence demonstrates that Plaintiff had not been subjected to any form of discrimination while employed with Park County Road & Bridge. (Exhibit B). This letter was made available to the Plaintiff and was in fact provided to the Plaintiff prior to the commencement of this lawsuit.

Subsequent to the filing of the First Amended Complaint in this matter, the Court conducted an Initial Pretrial Conference. This Initial Pretrial Conference took place on August 24, 2023 and an Initial Pretrial Order was entered on August 24, 2023. [Doc. 24]. During the course of discovery, the Plaintiff has taken nine (9) depositions of both current and former Park County employees and served two (2) sets of written discovery requests upon Defendants. Many of the deponents have been employees listed by the Plaintiff as Rule 26 witnesses who Plaintiff "may call" at the trial of this matter. Plaintiff's counsel conducted the latest round of depositions on April 23, 2024 in Cody, Wyoming.

At the conclusion of the depositions of April 23, 2024, Plaintiff's counsel indicated that he was likely finished with discovery depositions. Pursuant to the Initial Pretrial Order of August 24, 2023 the discovery cutoff deadline had been set for May 31, 2024. On or about April 25, 2024 Plaintiff's counsel informed counsel for Defendant that he wanted to depose Park County and Prosecuting Attorney Skoric and Deputy Attorney

Hatfield. Neither Skoric nor Hatfield had been disclosed as potential witness under either Plaintiff's or Defendants' Rule 26 Initial or Supplemental Disclosures. On April 26, 2024, Defendants were served with a Notice of Deposition for both Skoric and Hatfield, setting their depositions for May 20, 2024 at an unspecified time. (Exhibit C). On April 30, 2024, Defendants were served with a Subpoena Duces Tecum for Skoric and Hatfield demanding them to "make available for inspection at deposition on May 20th, subject to Magistrates decision, all documents and material used or created in the investigation of Starkie Cornett's allegations to include notes, recording, transcripts of records, documentation of pay increases, uniform pay increase disapprovals, documentation of pay increase requests by supervisors, and promotion requests by supervisors." (Exhibit D).

On April 26, 2024 the parties held a "meet and confer" in an attempt to resolve the deposition notices to Skoric and Hatfield without the intervention of the Court. The parties were unable to resolve the matter and agreed to request the magistrate judge's assistance by requesting an informal discovery conference. On May 1, 2024 an informal discovery conference was held by U.S. Magistrate Judge Stephanie A. Hambrick regarding Plaintiff's subpoena duces tecum directed to Park County and Prosecuting Attorney Skoric and Deputy Attorney Hatfield. The parties were represented by their respective attorneys. At the conclusion of the informal discovery conference the Court granted the Defendants request for permission to file a motion for protective order. [Doc.

41].  The matter concerning Plaintiff's Rule 30(b)(6) notice of deposition and Defendants objection that said deposition notice was untimely is moot as a result of the Court vacating the discovery cutoff deadline of May 31, 2024. This motion is limited to the notices of deposition duces tecum for Skoric and Hatfield.

## RELEVANT LAW

Under Rule 26 of the Federal Rules of Civil Procedure, parties to a lawsuit "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources , the importance of the discovery in resolving the issues, an whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1). After the 2005 amendments to Rule 26 the scope of discovery is no longer defined by any information that is "reasonably calculated to lead to admissible evidence." *Brandt v. Von Honnecke*, No. 15-CV-02785-RM-NYW, 2018 WL 510277 at *3 (D. Col. Jan 3, 2018). The applicable test now consists of two parts: whether the discovery sought is relevant to any party's claim or defense, and whether the requested discovery is proportional to the needs of the case. *Id*.; Fed. R. Civ. P. 26(b)(1). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or

less probable than it would be without the evidence." *Brandt*, 2018 WL 510277 at *3; Fed. R. Evid. 401.

Although broad discovery is allowed, discovery is not unlimited, and a court has considerable discretion to balance the rights of both the plaintiff and the defendant. *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 952 (10th Cir. 2004); *Gomez v. Martin Maritta Corp.*, 50 F. 3d. 1511, 1520 (10th Cir. 1995); Fed. R. Civ. P. 37(a). "[A] party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party,' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004).

One area where the court has discretion and can limit discovery is demonstrated by the rule concerning the deposition of opposing counsel. *Van Dam v. Town of Guernsey, Wyoming,* No. 20-CV-060S, 2021 WL 2949561, at *4 (D. Wyo. March 12, 2021). In *Van Dam* the court considered a motion to compel the deposition of the town attorney. In denying the motion, the court relied upon the rule set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1326 (8th Cir. 1986).

> Deposing opposing counsel should be limited to circumstances where: "(1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the

case." *Id.* (quoting *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625 at 630 (D. Kan. 2000) (Citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1326 (8th Cir. 1986).

*Van Dam v. Town of Guernsey*, at *8.

"The burden is on the party seeking the deposition to establish that the criteria are met. Even if a party seeking to depose opposing counsel can establish these factors, it is withing the trial court's discretion to issue a protective order prohibiting the deposition." *Cont'l Coal v. Cunningham*, No. 06-2122-KHV, 2008 WL 145245, at *2 (D. Kan. Jan. 14, 2008).

Taking the first element of the criteria set forth in *Shelton*, Plaintiff's counsel must prove no other means exist to obtain the information sought except by taking the depositions of Skoric and Hatfield. If there are other available sources of information, the party seeking discovery should explore them first. Other methods can include interrogatories, requests for production of documents and requests for admission. *Id.* at *6-7. "The proponent of the deposition "must identify the specific, unsuccessful measures [it] has taken to obtain the information, why they have failed, and that other resources are unavailable." *Id.* at *7.

In the matter now before this Court, Plaintiff cannot demonstrate that they have sought other means to obtain information that they seek to depose Skoric and Hatfield on. Specifically, Plaintiff has not sought to obtain this information by serving written discovery requests on Defendants. Furthermore, witnesses who were part of the Park

County and Prosecuting Attorney's investigation are the very same witnesses whom Plaintiff's counsel deposed regarding Plaintiff's claim of wage discrimination. Plaintiff's counsel had the opportunity to examine these witnesses under oath concerning any matter regarding Plaintiff's discrimination claim. Defendant should not be entitled to "two bites of the apple" after having failed to conduct a thorough examination of these witnesses, to obtain this information from Skoric and Hatfield.

The second element requires Plaintiff to prove that the information sought is relevant and nonprivileged. It is evident from Plaintiff's Subpoena Duces Tecum that Plaintiff is requesting the production of documents and materials used or created by Skoric and/or Hatfield in their investigation of Plaintiff's discrimination claim, including their notes. On its face, Plaintiff's notice duces tecum seeks the production of information which is work product privileged. "Fed. R. Civ. P. 26(b)(3) provides that "the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." *Id.* at *10. Plaintiff not only seeks the production of this privileged documentation, but Plaintiff's counsel also seeks to examine Skoric and Hatfield concerning matters which are clearly protected under Fed. R. Civ. P. 26(b)(3).  This Court should enter a protective order against disclosure, or inquiry into matters protected by the attorney-client privilege or work product privilege. This would include a protective order concerning any legal advice provided to Park County

Commissioners, or Plaintiff's supervisors by Skoric and Hatfield.

The third element requires Plaintiff to prove that the information sought is crucial to the preparation of the case. "The mere failure to establish that an inquiry into specific matters is crucial to the requesting party's case may support a court's decision to issue a protective order." *Id.* at *11. As noted, this is a wage discrimination claim. It is hard to imagine how any nonprivileged testimony from Skoric or Hatfield concerning an investigation conducted by the Park County and Prosecuting Attorney after the Plaintiff had filed a discrimination claim, is crucial to the preparation of Plaintiff's case concerning wage discrimination based on gender. Over the last eight (8) months since the entry of the Initial Pretrial Order on August 24, 2023, Plaintiff's counsel has had the opportunity to conduct discovery [Doc. 24]. This includes the opportunity to depose any employee of Park County Road and Bridge, past or present, who they believed was a witness, or had information relevant to Plaintiff's allegation of wage discrimination. Plaintiff has already deposed nine (9) past and present employees and explored with them all allegations in her Complaint concerning the alleged discrimination. Plaintiff must prove that the additional information she is seeking from the county attorneys involved in this matter is crucial to the preparation of her case. Defendant would assert that Plaintiff cannot meet this burden of proof and this Court has discretion to enter a protective order as to the depositions of Skoric and Hatfield on this basis alone.

Taken as a whole, Defendants assert that Plaintiff cannot satisfy her burden to show all three factors of the *Shelton* test have been satisfied. It is also noted that Plaintiff waited until one (1) month before the discovery deadline to notice Skoric and Hatfield's depositions. This is in spite of the fact that Plaintiff knew of Skoric and Hatfield's investigation and was in possession of Skoric's letter to the EEOC prior to the filing of this lawsuit.

WHEREFORE, Defendants respectfully request that this Court enter a protective order prohibiting the taking of the depositions of Park County Attorney and Prosecuting Attorney Bryan A. Skoric and Deputy Attorney Jack R. Hatfield, quashing the subpoena duces tecum for the production of documents at their proposed depositions, and for such other and further relief as the Court deems proper.

DATED this 8th day of May 2024.

_____
Thomas A. Thompson

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served this 8th day of May 2024, by the following means:

Marshall E. Keller                                    [✓] CM-ECF
Keller Law Firm, PC
marshall@kellerlawpc.com


Phillip A. Nicholas                                   [✓] CM-ECF
Nicholas & Tangeman, LLC
nicholas@wyolegal.com


_____
MaryBeth Oatsvall
Wyoming Local Government Liability Pool