Philip A. Nicholas, WSB # 5-1785
Nicholas & Tangeman, LLC
P.O. Box 928
Laramie, Wyoming 82073
(307) 742-7140
(307) 742-7160 – Fax
nicholas@wyolegal.com

Marshall E. Keller #7-6406
Keller Law Firm, P.C.
PO Box 111
116 N. 5th Street
Thermopolis, WY 82443
(307) 864-2318
marshall@kellerlawpc.com

Attorneys for Plaintiff Starkie J. Cornett

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STARKIE J. CORNETT,<br>    Plaintiff,<br>v.<br>PARK COUNTY BOARD OF COUNTY COMMISSIONERS and its PARK COUNTY ROAD AND COMMISSION and PARK COUNTY BRIDGE DIVISION OF THE PUBLIC WORKS DEPARTMENT,<br>    Defendants. | 22-CV-00034-ABJ |

## PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOC. # 45)

Plaintiff Starkie J. Cornett files this objection and opposition to Defendant's *Motion for Protective Order* filed May 8, 2024. (Doc. 45)

Defendants have moved for a protective order prohibiting the taking of the depositions of two of its employees assigned the role to investigate claims of "harassment and discrimination" under its *Personnel Policy Manual* adopted July 2023. Defendant responds that the County's investigators and their investigation performed to comply with the County's Equal Employment Opportunity (EEO) Policy are not protected as alleged by Defendant.

I.  **PROCEDURAL BACKGROUND.**

On June 8th, 2020, Plaintiff timely filed a *Charge of Discrimination* with the Wyoming Fair Employment Program (WFEP) and the Equal Employment Opportunity Commission (EEOC). Plaintiff's charges include allegations of unlawful discrimination against Plaintiff because of gender in violation of Title VII of the Civil Rights Act of 1964 as amended, the Equal Pay Act of 1963, and the Wyoming Fair Employment Practices Act of 1965, as amended. Plaintiff's charges were referred by the WFEP to the EEOC for investigation.

At the directive of the EEOC due to statutes of limitations, Plaintiff Starkie J. Cornett commenced these proceedings by the filing of a *Complaint* on February 16, 2022. A *First Amended Complaint* was filed on March 4th, 2022. This matter was stayed by the presiding Judge on May 10, 2022, pending issuance of the WFEP/EEOC. (Do. 13.) A *Right to Sue letter* dated June 21, 2023, was issued by the United States Department of Justice, and this Court vacate its *Order Granting Motion to Stay* on July 17, 2023. (Doc. No. 15) An *Order on Initial Pretrial Conference* was entered on August 24, 2023.

II.  **NATURE OF PROCEEDINGS.**

  A. *Facts Framed by the Pleadings.*

The *First Amended Complaint* is predicated on facts plead unlawful discrimination against Plaintiff because of gender in violation of Title VII of the Civil Rights Act of 1964 as amended, the Equal Pay Act of 1963, and the Wyoming Fair Employment Practices Act of 1965, as amended.

The answer filed by Defendants alleges, *inter alia*, Defendant's *Answer, and Assertion of Affirmative Defenses* generally denies all of the Allegations of the Complaint and then sets forth twelve separate affirmative defenses. (Doc. # 6 filed April 19, 2022, ¶¶ 43-44) The affirmative defenses include, failure to state a claim upon which relief can be granted, statute of limitations,

immunity as a matter of fact and law, failure to mitigate any damages, estoppel, laches, liquidated damages are barred as a matter of fact and law, Plaintiff's claims or causes of action are defective and barred due to Plaintiff's failure to comply with the requirements of the Wyoming Governmental Claims Act, Plaintiff by her conduct has waived the right to assert any of the claims or causes of action asserted, Plaintiff has failed to exhaust her administrative remedies and thereby is barred from asserting any of her claims, Defendants assert that any pay differential alleged by Plaintiff was done for a legitimate, nondiscriminatory reason other than sex.

The Defendant County expressly asserts that it maintains an EEO policy which includes an opportunity for Plaintiff to have her claims fully investigated by the County Attorney's office thereby protecting the County from wage claims discrimination engaged in by their employees. The County's affirmative defenses thereby place its internal investigation of Plaintiff's complaints is at issue in this case. *Equal Emp. Opportunity Comm'n v. Lockheed Martin*, No. CV 05-00479 SPK-LEK, 2006 WL 8436554, at *4 (D. Haw. Sept. 11, 2006);

### B.  *Nature of Charges of Equal Pay Discrimination based upon Gender.*

Plaintiff Starkie J. Cornett ("Cornett"), a woman, was hired by Defendant's Public Works Department on a seasonal basis from 2014 till November of 2016. On November 7, 2016, she was hired full time as an Equipment Operator I operating and maintaining light to heavy equipment as needed to construct, maintain or repair county roads and service system.

The County Road and Bridge department employs Equipment Operators I, II and III, each of which is assigned a separate, elevated "grade" accompanied by higher hourly compensation. Road and Bridge Equipment Operator I is assigned a Grade of 11, Operator II is assigned a Grade of 14 and Operator III is assigned Grade 17. The County's Pay Plan then assigns to each Grade a pay rate depending on the "Steps" credited to the employee. There are generally 7 to 15 Steps

available within each Grade depending on the year. Each Step is associated with a wage increase. In this fashion, Road and Bridge Equipment Operators receive wage increases based upon their classification and step assignment. For example, the Revised Payroll Plan effective July 8, 2019, provides the following annual salary range opportunities for Equipment Operators:

|  | Grade | Step One | Step Seven |
| --- | --- | --- | --- |
| Equipment Operator I | 11 | $29,942.16 | $41,364.96 |
| Equipment Operator II | 14 | $34,507.20 | $47,305.44 |
| Equipment Operator III | 17 | 37,936.08 | $51,738.06 |

An employee's compensation is dependent upon his or her job description, Grade assignment and designated Step level within their Grade assignment. Equipment Operator I requires a high school diploma or GED. It is an entry level position. Equipment Operator II requires a high school diploma or GED plus four (4) years of experience operating specialized heavy equipment such as commercial truck, operate a front-end loader, mower, chip spreader, dozer, water truck, sweeper, plow, and sander, as well as repair potholes, monitor flood control channels to prevent blockage, clear culverts of debris, and to safely flag traffic. Equipment Operator III requires the same equipment operation skills as Equipment Operator II, five (5) year of equipment operation experience including a grader, plus one (1) year of specialized training and a working knowledge of the county road system.

The Complaint alleges that Plaintiff was hired as an Equipment Operator I in Cody to drive a commercial truck, operate a front-end loader, mower, dozer, water truck, sweeper, plow and sander, as well as repair potholes, monitor flood control channels to prevent blockage, clear culverts of debris, and to safely flag traffic. Plaintiff performed work in equal skill, effort, and responsibility under the same conditions as her male equipment operator counter parts. While working in Cody she began training on a grader, one of the pieces of equipment required to move up into a higher pay Grade. In or about July of 2017 Cornett was promoted a step up to Equipment

Operator I, Grade 11 Step 2, and received a pay raise to §14.59/hour. In or about July of 2018 Cornett received a Cost-of-Living Allowance wage increase along with the rest of the Public Work Department. On or about May of 2017 Cornett received a step up to a Step 3 without any pay increase.

In years 2018 and 2019 new, lesser qualified male employees were hired or promoted as Equipment Operator II and Operator III level while Plaintiff was not given the opportunity to advance Grades. This resulted in less senior and less qualified male employees being paid more than Plaintiff was being paid. During calendar years 2019 to 2021, Plaintiff continued to be denied the same opportunities as male employees causing her to be paid less that male counterparts with her years of service on level of experience. The following chart depicts this inequity which has resulted in Plaintiff being paid less than her male counterparts:

| Name | | Position | Date | | Years | Grade/Step |
|---|---|---|---|---|---|---|
| | | Powell | Operator III | 9/10/2018 | 5.5 | Grade 17, Step 11 |
| | | Powell | Operator II | 4/18/2011 | 12.9 | Grade 15, Step 14 |
| | | Powell | Operator III | 2/11/2017 | 7.1 | Grade 17, Step 7 |
| Male [RL] | | Cody | Operator III | 1/2/2018 | 6.2 | Grade 17, Step 6 |
| Male [TG] | | Cody | Operator II | 1/28/2019 | 5.1 | Grade 15, Step 10 |
| Male [KM] | | Powell | Operator II | 1/28/2019 | 5.1 | Grade 15, Step 10 |
| Male [MN] | | Cody | Operator III | 2/14/2019 | 5.0 | Grade 17, Step 3 |
| Cornett, Star | | Powell | Operator II | 4/25/2016 | 7.9 | Grade 15, Step 8 |
| | | Powell | Operator II | 2/6/2023 | 1.1 | Grade 15, Step 8 |
| | | Cody | Operator I | 7/21/2021 | 2.6 | Grade 15, Step 7 |
| | | Cody | Operator III | 9/6/2022 | 1.5 | Grade 15, Step 6 |
| | | Cody | Operator II | 3/14/2022 | 2.0 | Grade 15, Step 6 |

This record maintained by Defendants shows three males with fewer years of service being assigned higher Grades and Steps than Plaintiff with fewer years' service. There is direct evidence from former employees that Plaintiff's supervisor Delray "Paco" Jones had expressed his position to other male coworkers that women had no place in operating heavy equipment with Road and Bridge.

C. *Role of Investigators who are also County and Prosecuting Attorneys.*

The County's EEO policy is attached to Defendant's Motion for Protective Order at Doc.

*Plaintiff's Opposition to Defendant's Motion for Protective Order, Page 5 of 13*

# 45-1. Section 4.1 addresses "EQUAL EMPLOYMENT Opportunity" and expressly mentions equal pay rights. Within that section there is no mention of a complaint process.

Within that same Section 4 to EEO policy, under subparagraph 4.3 SEXUAL & OTHER UNLAWFUL HARASSMENT" there is a paragraph providing:

> Complaints of harassment or discrimination shall be directed to the Park County Attorney, or if the complaint is against that office, to the Chairman of the Board of Park County Commissioners. If the investigation confirms conduct contrary to this policy has occurred, Park County will take immediate, appropriate, corrective action, including discipline up to and including immediate termination.
>
> Park County will respond promptly to complaints of sexual harassment and where it is determined that such inappropriate conduct has occurred, will act promptly to eliminate the conduct, and impose corrective actions, including disciplinary action where appropriate. Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when:
>
> - an employee's submission to a sexual advance or request for sexual favor is made, either explicitly or implicitly, a term or condition of the employee's employment (known as quid pro quo);
> - submission to or rejection of such conduct is used as the basis for employment decisions affecting such an individual; or
> - such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.
>
> ***

(See, Doc. 45-1, pages 7-8.) While it is unclear whether the foregoing language applies at all to equal pay claims, the facts show that the County advised Plaintiff that she must report equal pay claims to the County Attorney, and that the County Attorney asserts that it undertook an investigation into Plaintiff's claims that she was unlawfully compensated less than her male counterparts.

In a letter from the County Attorney to the EEOC dated July 15, 2020, the County Attorney advised the EEOC that it had received complaints from Plaintiff and that the County undertook a proper investigation of those complaints. The County Attorney

reported that, "although [our office's] investigation has not been completed, [our] preliminary findings show no employee of Public Works engaged in any form of discrimination…. The evidence demonstrates that Ms. Cornett has not been subject to any form of discrimination by Public Works. Upon your request, [our office] will provide this evidence to assist with your investigation,"

**III.   LEGAL ARGUMENT.**

   **A.   *Summary of Argument.***

Defendant's practices and its EEO policy have made Defendant's investigator's investigation and findings relevant to these proceedings. As well, the investigation and findings are relevant to showing that Defendant's claims that it had a legitimate non-discriminatory reason to support its decisions and actions is in fact a pretext for prohibited discrimination.

Defendant's counsel were not serving as opposing counsel against Plaintiff. Their role was that of an EEO officer, to make an unbiased investigation toward the stated purpose of promoting Equal Employment Opportunities. Facts showing that the County's investigator's stopped their investigation because Plaintiff exercised her legal right to file with the EEOC and Wyoming Department of Labor, WEP Division are relevant to show the County's failure to comply with their own policy and pretext.

The County Attorney's letter to the EEOC presents several major issues, <u>first</u> it smacks of retaliation under the County's EEO policy for Plaintiff's filing a claim before the EEOC and Wyoming Department of Labor. <u>Second</u>, it demonstrates a deep-seated bias in the investigator against a fair and impartial investigation showing pretext. Third, it suggests that it advised the county that Plaintiff's claims were without merit before completing an investigation.

   **B.   *Elements of Claim for Discrimination and Fair Employment Practices Act.***

In a Title VII case, the initial burden is on the employee to make a prima facie showing of discrimination by the employer." *Nulf v. International Paper Co.,* 656 F.2d 553, 557 (10th Cir.1981) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)). "Only when such a showing has been made does the burden shift to the employer to articulate 'some legitimate, nondiscriminatory reason' for the questioned action. If the employer meets this burden, the employee must show that the stated reason is actually a pretext for prohibited discrimination." *Id.* at 558 (quoting M*cDonnell Douglas, 4*11 U.S. at 804, 93 S.Ct. at 1825). Under Title VII, a plaintiff required to "show that there were promotional opportunities available that were filled by males, and that she was qualified for promotion, and that despite her qualifications she was not promoted." *Sprague v. Thorn Americas, Inc.,* 129 F.3d 1355, 1362 (10th Cir. 1997); *Tidwell v. Fort Howard Corp.*, 989 F.2d 406, 409 (10th Cir.1993); *Meeks v. Computer Associates International*, 15 F.3d 1013, 1019 (11th Cir.1994) (the McDonnell Douglas framework requires a Title VII plaintiff to establish an intent to discriminate on the part of her employer); *Sheaffer v. State ex rel. Univ. of Wyoming ex rel. Bd. of Trustees,* 2009 WY 19, ¶ 22, 202 P.3d 1030, 1039 (Wyo. 2009).

Wyoming Statutes § 27-9-105 provides,

    (a)  It is a discriminatory or unfair employment practice:

        (i)  For an employer to refuse to hire, to discharge, to promote or demote, or to discriminate in matters of compensation or the terms, conditions or privileges of employment against, a qualified disabled person or any person otherwise qualified, because of age, sex, race, creed, color, national origin, ancestry or pregnancy;

        (ii)  For a person, an employment agency, a labor organization, or its employees or members, to discriminate in matters of employment or membership against any person, otherwise qualified, because of age, sex, race, creed, color, national origin, ancestry or pregnancy, or a qualified disabled person;

\*\*\*

The Wyoming Supreme Court has determined that Wyoming's law prohibiting discrimination in employment matters on the basis of age is similar to the federal law. As a result, Wyoming Courts are to refer to federal case law for guidance in analyzing claims under the Fair Employment Practices Act. *Rollins v. Wyoming Trib.-Eagle, 20*07 WY 28, ¶ 8, 152 P.3d 367, 370 (Wyo. 2007).

### C.   *Elements of Claims for Violations of the Equal Pay Act.*

The current version of the federal Equal Pay Act provides that no employer subject to the Fair Labor Standards Act, "shall discriminate, within any establishment…between employees on the basis of sex by paying wages to employees…at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 USCA § 206(d)(1). The Equal Pay Act does not require that the Plaintiff exhaust her administrative remedies by filing charges with the Equal Employment Opportunity Commission or other state administrative agencies before a lawsuit can be filed, unlike Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and similar federal and state employment discrimination statutes. Thus, an aggrieved employee can proceed directly into state or federal court without filing administrative charges, and the employer will not be entitled to assert as a defense that the plaintiff failed to exhaust her administrative remedies before bringing suit.2 6 Am. Jur. Proof of Facts 3d Proof of Violation of Equal Pay Act 269 (Originally published in 1994).

To establish a prima facie case under the Equal Pay Act, a plaintiff must demonstrate that, (1) the plaintiff was performing work which was substantially equal to that of employees of the opposite sex, taking into consideration the skills, duties, supervision, effort and responsibilities of


the jobs; (2) the conditions where the work was performed were basically the same; and (3) employees of the opposite sex were paid more under such circumstances. If the plaintiff can establish a prima facie case, the burden of persuasion then shifts to the defendant to establish that the wage disparity was justified because of, (1) a seniority system; (2) a merit system; (3) a pay system based on quantity or quality of output; or (4) a disparity based on any factor other than sex.1 Because use the employer's burden in an EPA claim is one of ultimate persuasion, in order to prevail at the summary judgment stage, the employer must prove at least one affirmative defense so clearly that no rational jury could find to the contrary. *Allen v. Garden City Co-op, Inc*., 651 F. Supp. 2d 1249, 1256 (D. Kan. 2009)(Plaintiff in an EPA case need not prove that the employer acted with discriminatory intent.); *Sprague v. Thorn Americas, Inc.,* 129 F.3d 1355, 1364 (10th Cir. 1997)(Under the EPA, the onus is on the employer to establish that the pay differential was premised on a factor other than sex.); *Riser v. QEP Energy*, 776 F.3d 1191, 1198 (10th Cir. 2015).

> **D.** *Plaintiff is entitled to Depose the County's EEO Investigators*.

The County seeks to affirmatively defend against Plaintiff's claims based upon its implementation of its EEO policy and its establishment of an administrative investigatory process conducted by its County Attorney, that defense places the County Attorney's investigation at issue. An employer must submit evidence from which a reasonable factfinder could conclude not merely that the employer's proffered reasons could explain the wage disparity, but that the proffered reasons do in fact explain the wage disparity. *Riser v. QEP Energy*, 776 F.3d 1191, 1198 (10th Cir. 2015).

Plaintiff can demonstrate pretext by showing that either a discriminatory reason more likely motivated the employer or that the employer's proffered explanation is unworthy of credence. *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 530 (10th Cir.1994); *Sheaffer v. State ex rel. Univ.*

*of Wyoming ex rel. Bd. of Trustees*, 2009 WY 19, ¶ 35, 202 P.3d 1030, 1041 (Wyo. 2009). The Defendants' lack of a credible investigation, failure to complete the investigation and the biased factual reporting of its investigators are all relevant to this inquiry. *Riser v. QEP Energy*, 776 F.3d 1191, 1200 (10th Cir. 2015) (Pretext can be shown by "such weaknesses, implausibility's, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.).

Where the County relies upon an internal investigative process to defend against an equal pay claim it waives its attorney-client privilege or work-product doctrine. *Walker v. Cnty. of Contra Costa*, 227 F.R.D. 529, 533 (N.D. Cal. 2005); *United States Equal Emp. Opportunity Comm'n v. George Washington Univ.*, 342 F.R.D. 161, 180 (D.D.C. 2022)(Attorney-client privilege does not protect documents created in connection with the internal investigation because the record shows that there was limited contact between counsel and the parties involved in the challenged unlawful conduct,). Where the dominant purpose of the role of the assigned attorney is to investigate employment practices, and not to offer legal advice, the attorney-client privilege did not apply because the attorney's role was not to provide legal services. City of *Petaluma v. Superior C*t., 248 Cal. App. 4th 1023, 1035, 204 Cal. Rptr. 3d 196, 205 (2016).

The County required Plaintiff to file her complaint with the County Attorney under its EEO policy. The County Engineer verbally directed the Plaintiff to bring the complaint to him, but ultimately directed her to take it to the County Attorney. After the complaint had been directed to the County Attorney, the County Attorney interviewed the Plaintiff and other employees to investigate the County's EEO policy. The County chose not to finish the investigation after the Plaintiff filed her EEO complaint with the Department of Labor, yet the County Attorney sent their

*of Wyoming ex rel. Bd. of Trustees*, 2009 WY 19, ¶ 35, 202 P.3d 1030, 1041 (Wyo. 2009). The Defendants' lack of a credible investigation, failure to complete the investigation and the biased factual reporting of its investigators are all relevant to this inquiry. *Riser v. QEP Energy*, 776 F.3d 1191, 1200 (10th Cir. 2015) (Pretext can be shown by "such weaknesses, implausibility's, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.).

Where the County relies upon an internal investigative process to defend against an equal pay claim it waives its attorney-client privilege or work-product doctrine. *Walker v. Cnty. of Contra Costa*, 227 F.R.D. 529, 533 (N.D. Cal. 2005); *United States Equal Emp. Opportunity Comm'n v. George Washington Univ.*, 342 F.R.D. 161, 180 (D.D.C. 2022)(Attorney-client privilege does not protect documents created in connection with the internal investigation because the record shows that there was limited contact between counsel and the parties involved in the challenged unlawful conduct,). Where the dominant purpose of the role of the assigned attorney is to investigate employment practices, and not to offer legal advice, the attorney-client privilege did not apply because the attorney's role was not to provide legal services. City of *Petaluma v. Superior C*t., 248 Cal. App. 4th 1023, 1035, 204 Cal. Rptr. 3d 196, 205 (2016).

The County required Plaintiff to file her complaint with the County Attorney under its EEO policy. The County Engineer verbally directed the Plaintiff to bring the complaint to him, but ultimately directed her to take it to the County Attorney. After the complaint had been directed to the County Attorney, the County Attorney interviewed the Plaintiff and other employees to investigate the County's EEO policy. The County chose not to finish the investigation after the Plaintiff filed her EEO complaint with the Department of Labor, yet the County Attorney sent their

findings in the July 15, 2020, letter to the EEOC. The purpose of the letter was to inform the Department of Labor their findings of no discrimination despite not finishing the investigation. Where an attorney conducts an investigation not for the purpose of preparing for litigation or providing legal advice, but rather for some other purpose, the privilege is inapplicable. *Payton v. New Jersey Tpk. Auth.,* 148 N.J. 524, 551, 691 A.2d 321, 334 (1997).

### IV.     CONCLUSION.

Plaintiff's claims and Defendants' affirmative defenses have placed the County's investigator's actions at issue and made those practices and findings relevant.

Dated this 24th day of May 2024.

           */s/  Marshall E. Keller*
Marshall E. Keller #7-6406
Keller Law Firm, P.C.
PO Box 111
116 N. 5th Street
Thermopolis, WY 82443
(307) 864-2318
marshall@kellerlawpc.com


           */s/  Philip A. Nicholas*
Philip A. Nicholas # 5-1785
P.O. Box 928
Laramie, Wyoming 82073
(307) 742-7140
Fax: (307) 742-7160
E-mail:  nicholas@wyolegal.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 24th day of May 2024, the preceding pleading was filed through the CM-ECF filing system upon al counsel of record, including upon:

Thomas A. Thompson [Wyo. State Bar No. 6-2640]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
tthompson@lglp.net

Attorney for Defendants: Park County Board of County Commissioners, and Park County Road and Bridge Division

        /s/  Philip A. Nicholas
       Philip A. Nicholas