Thomas A. Thompson [Wyo. State Bar No. 6-2640]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
tthompson@lglp.net

Attorney for Defendants: Park County Board of County Commissioners, and Park County Road and Bridge Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STARKIE CORNETT, | ) |
| Plaintiff, | ) |
| v. | ) 22-CV-00034-ABJ |
| PARK COUNTY BOARD OF COUNTY COMMISSIONERS and PARK COUNTY ROAD AND BRIDGE DIVISION OF THE PUBLIC WORKS DEPARTMENT, | ) |
| Defendants. | ) |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION
## FOR PROTECTIVE ORDER

**COME NOW** the Defendants, Park County Board of County Commissioners and Park County Road and Bridge Division, by and through their undersigned attorney, and file *Defendants' Reply in Support of Motion for Protective Order* to prohibit Plaintiff's counsel from taking the depositions of Park County and Prosecuting Attorney Bryan A. Skoric and Park County Deputy Attorney Jack R. Hatfield (hereinafter "Skoric" and

"Hatfield") and to quash the subpoena duces tecum for the production of documents at their depositions. In support of this Reply, Defendants' state and allege as follows.

## LEGAL ARGUMENT

*Plaintiff's Response and Opposition to Defendant's Motion for Protective Order* [ECF No. 47] fails to address the relevant legal standard. Specially, the Plaintiff fails to address the rule set forth in *Shelton* as discussed in V*an Dam v. Town of Guernsey, Wyoming,* No. 20-CV-060S, 2021 WL 2949561, at *4 (D. Wyo. March 12, 2021). In *Van Dam* the court considered a motion to compel the deposition of the town attorney. In denying the motion, the court relied upon the rule set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1326 (8th Cir. 1986).

> Deposing opposing counsel should be limited to circumstances where: "(1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* (quoting *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625 at 630 (D. Kan. 2000) (Citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1326 (8th Cir. 1986).

*Van Dam v. Town of Guernsey*, at *8.

Plaintiff has failed to meet her burden that the first and third criteria set forth by the rule from *Shelton* have been met. Plaintiff has failed to explain to this Court why (1) no other means exist to obtain the information except to depose opposing counsel, and why (3) the information is crucial to the preparation of the case. Accordingly, this Court should grant Defendants *Motion for Protective Order* [ECF No. 45]. "The

burden is on the party seeking the deposition to establish that the criteria are met. Even if a party seeking to depose opposing counsel can establish these factors, it is withing the trial court's discretion to issue a protective order prohibiting the deposition." *Cont'l Coal v. Cunningham*, No. 06-2122-KHV, 2008 WL 145245, at *2 (D. Kan. Jan. 14, 2008).

WHEREFORE, Defendants respectfully request that this Court enter a protective order prohibiting the taking of the depositions of Park County Attorney and Prosecuting Attorney Bryan A. Skoric and Deputy Attorney Jack R. Hatfield, quashing the subpoena duces tecum for the production of documents at their proposed depositions, and for such other and further relief as the Court deems proper.

**DATED** this 29th day of May 2024.

/s/ Thomas A. Thompson
Thomas A. Thompson

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of Court and served other parties by the following means on this 29th day of May 2024.

| | |
|---|---|
| Marshall E. Keller<br>Keller Law Firm, PC<br>marshall@kellerlawpc.com | [✓] E-MAIL |
| Phillip A. Nicholas<br>Nicholas & Tangeman, LLC<br>nicholas@wyolegal.com | [✓] E-MAIL |

/s/ MaryBeth Oatsvall
MaryBeth Oatsvall
Wyoming Local Government Liability Pool