# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STARKIE CORNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 22-CV-00034-ABJ |
| ) | |
| PARK COUNTY BOARD OF COUNTY ) | |
| COMMISSIONERS and PARK COUNTY ) | |
| ROAD AND BRIDGE DIVISION OF ) | |
| THE PUBLIC WORKS DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## JOINT PRETRIAL MEMORANDUM

This Joint Pretrial Memorandum is submitted on behalf of the parties. This Court is well familiar with the facts of the case as the Defendant filed for *Defendant's Motion for Summary Judgment* with a *Brief in Support of the Defendant's Motion for Summary Judgment* and the Plaintiff filed *Plaintiff's Opposition to Defendant's Motion for Summary Judgment* and *Plaintiff's Brief in Response to and Opposition to Defendant's Motion for Summary Judgment*.

**(a)   Jurisdiction and Parties.**

The Plaintiff filed her First Amended Complaint on March 4, 2022 [Doc. 3].

Plaintiffs Complaint alleges unlawful pay discrimination because of gender in violation of Title VII of the Civil Rights Act of 1964 as amended, the Equal Pay Act of 1963, and the Wyoming Fair Employment Act of 1965, as amended.

Venue is proper in the United States District Court for the District of Wyoming under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

**(b)     General Nature of the Claims and Contentions of the Parties.**

**1.     Plaintiff asserts:**

Plaintiff is employed by Park County Road and Bridge. Plaintiff claims that she is the victim of discrimination by the County and its employees resulting in lower wages and job advancement. Plaintiff's complaint asserts that Defendants violated Title VII of the Civil Rights Act of 1964 as amended, the Equal Pay Act of 1963, and the Wyoming Fair Employment Act of 1965, as amended. Id.

Plaintiff timely filed her Charge of Discrimination with the Wyoming Fair Employment Program (WFEP) and the Equal Employment Opportunity Commission (EEOC) on June 8th, 2020.  While the charges were being investigated by the EEOC, Plaintiff Starkie J. Cornett filed a Complaint on February 16, 2022, to address potential statutory timelines. A First Amended Complaint was filed on March 4th, 2022. This matter was stayed on May 10, 2022, pending issuance of a

determination or right to sue letter from the WFEP/EEOC. A Right to Sue letter was issued on June 21, 2023, the United States Department of Justice, and this Court vacated its Order Granting Motion to Stay on July 17, 2023. Neither the Wyoming Department of Labor Standards nor the EEOC have issued a determination in this matter. An Order on Initial Pretrial Conference was entered on August 24, 2023.

Plaintiff asserts that she is a qualified candidate for the positions of Operator I, II, and III and that her advancement in pay, grade level assignment and award of training and have been detrimentally affected by the treatment of her direct supervisor. Plaintiff asserts that she is a member of a protected class, she was quailed for salary increases and increases in grades and that her male coworker were provided advancement opportunities denied to her. She asserts that she is performing substantially the same work as her male counterparts for less pay.

Plaintiff asserts there is direct evidence of discriminatory intent by her supervisor and that she has and will demonstrate a prima facie case of discrimination.

**2.    Defendants response:**

*EPA Claim*

Defendants assert that Plaintiff's Equal Pay Act (EPA) claim is without merit. Even if the Plaintiff succeeds in establishing a prima facie case of wage discrimination, the Defendants meet their burden of persuasion to prove that the wage disparity was justified by one of four permissible reasons.

First, Defendants assert the affirmative defense that any pay differential between Plaintiff and her male comparators (Morrison and Marchant) is based on factors other than sex. (29 U.S.C. § 206(d)(1)). Plaintiff's comparator male coworkers were hired at a higher rate of pay based on their substantial experience. Defendants asserts that Plaintiff's male comparators were hired at a higher wage based on their years of experience operating heavy equipment.

Second, Defendants assert that Defendants are relying on another factor "other than sex" in that Defendants utilized a gender-neutral pay plan. The gender-neutral pay plan consists of position titles, steps and grades. Grade assignments define a person's position and their duties. Steps are how you move up within a specific grade. Defendants assert that Plaintiff's assigned grade and steps were gender neutrally determined.

*EPA Statute of Limitations*

Defendants assert that it did not know and that it did not act recklessly or willfully in paying male employees and the Plaintiff differently. Defendants assert that if Defendants are required to pay damages pursuant to Plaintiff's EPA claim, the proper statute of limitations in this case is two-years, not three-years.

*Title VII claim*

Defendants assert that Plaintiff cannot prove that Defendants intentionally discriminated against her because of her sex. Furthermore, Defendants assert that

they are able to articulate a legitimate, non-discriminatory reason for the pay disparity.

### 3. Plaintiff's reply.

Plaintiff asserts that Defendants' articulated reason for the pay disparity is a pretext. She asserts that her direct supervisor intentionally held Plaintiff down because she was female. She assert that he has openly expressed his believes that females should not operate heavy equipment.

Plaintiff asserts that the evidence shows that advances in Grade within the position of Operator were always available. Second, even if a jury were to believe Defendants, many vacancies appeared providing advancement opportunity for Plaintiff including training and overtime. There was always the budget and authority to advance her with her male peers. Males were hired and given advancement opportunities when Plaintiff was not.

**(c)   Uncontroverted Facts.**

The parties believe that most facts are controverted and that there are not facts to which they can stipulate that will streamline the trial.

**(d)   Contested Issues of Fact.**

Most, if not all, of the facts and the implications of those facts is contested.

**(e)   Contested Issues of Law**.

The case law relating to the claims for relief is well developed. Defendants

have moved for summary judgment and it is expected that the Court's rulings will address any controversy in the parties' legal positions.

The federal Equal Pay Act provides that no employer subject to the Fair Labor Standards Act, "shall discriminate, within any establishment…between employees on the basis of sex by paying wages to employees…at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."

Wyoming Statutes § 27-9-105 provides, that "[i]t is a discriminatory or unfair employment practice":

(i) For an employer to refuse to hire, to discharge, to promote or demote, or to discriminate in matters of compensation or the terms, conditions or privileges of employment against, a qualified disabled person or any person otherwise qualified, because of age, sex, race, creed, color, national origin, ancestry or pregnancy;

(ii) For a person, an employment agency, a labor organization, or its employees or members, to discriminate in matters of employment or membership against any person, otherwise qualified, because of age, sex, race, creed, color, national origin, ancestry or pregnancy, or a qualified disabled person;

\*\*\*

The burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies to all of Plaintiffs claims including the wage violation claim.

Plaintiff has the initial burden is on the employee to make a prima facie showing of discrimination by the employer. Plaintiff is required to show that there

were promotional opportunities available that were filled by males, and that she was qualified for promotion, and that despite her qualifications she was not promoted.

Once Plaintiff has met that burden, the burden then shifts to Defendants to articulate some legitimate, nondiscriminatory reason for the questioned action.

If Defendants meet their burden, Plaintiff must show that the stated reason is actually a pretext for prohibited discrimination. Pretext can be shown by "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.

**(f)    Agreed Applicable Propositions of Law.**

The parties adopt their legal arguments from their respective motions for summary judgment.

**(g)    Exhibits.**

The parties have attached to this Joint Final Pretrial Memorandum a list of all exhibits to be offered by the parties and represent to the Court that counsel for each of the parties have provided a copy to opposing counsel.

**(h)    Depositions.**

Depositions were taken of the following people:

Starkie Cornett
Brian Edwards, individually and as a 30(b)(6) witness, separate times.

      Delray "Paco" jones
      Arthur Briggs
      Kelly Triplett
      Kenny Marchant
      Tim Morrison
      Kristopher Cooper
      Cindy Stewart
      Bobbie Hinze, 30(b)(6) witness

The parties do not anticipate any matters or issues to be considered at the final pretrial conference relating to depositions.

**(i)**     **Discovery.**

Discovery in this matter has been completed.

**(j)**     **Witnesses.**

A list of the parties will call and may call witnesses, including a brief statement of the subject matter and substance of their anticipated testimony is attached hereto.

**(k)**     **Amendments to Pleadings.**

The parties do not anticipate any amendments to the pleadings.

**(l)**     **Motions in Limine.**

Defendants previously filed a motion to protect and prohibit testimony of the Park County Attorney's office. (ECF 45). The Court granted the order to protect the testimony of the Park County Attorney's office. (ECF 49).

The parties have concurrently filed stipulated motions for the entry of an order in limine in regard to the exclusion from evidence of liability insurance, settlement demands, or discussions.

**(m)   Pending Motions**.

Pending before the Court are the Defendant's motion with the supporting briefs for summary judgment (ECF 57-58) and the Plaintiff's objection with the memorandum in support of the opposition. (ECF 61-62). This Court heard oral argument on the motion on November 15, 2024. This matter is pending before the Court.

**(n)   Jury Instructions**.

The parties shall submit their respective requests for instructions, proposed verdict forms and proposed voir dire questions seven (7) business days prior to the commencement of trial, subject to the right of counsel to supplement such requests during the course of trial on matters that cannot be reasonably anticipated.

**(o)   Other Matters.**

There are no other matters that the parties believe should be considered by the Court and discussed during the Final Pretrial Conference.

**(p)   Trial Setting.**

A jury trial in this matter is presently scheduled for five (5) days beginning February 10, 2025 at 1:30 p.m. in Cheyenne, Wyoming.

DATED this 11th day of December 2024.

Counsel for Plaintiff:

>   */s/ Marshall E. Keller*
>   Marshall E. Keller

>   */s/ Philip A. Nicholas*
>   Philip A. Nicholas

Counsel for the Defendants:

>   */s/ Thomas A. Thompson*
>   Thomas A. Thompson