Thomas A. Thompson [Wyo. State Bar No. 6-2640]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
tthompson@lglp.net

Attorney for Defendants: Park County Board of County Commissioners, and Park County Road and Bridge Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STARKIE CORNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 22-CV-00034-ABJ |
| ) | |
| PARK COUNTY BOARD OF COUNTY ) | |
| COMMISSIONERS and PARK COUNTY ) | |
| ROAD AND BRIDGE DIVISION OF ) | |
| THE PUBLIC WORKS DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## STIPULATED MOTIONS IN LIMINE TO EXCLUDE OR LIMIT EVIDENCE AT TRIAL

COME NOW the Plaintiff and Defendants (hereafter "Parties"), by and through their respective attorneys, and in accordance with this Court's Scheduling Order (ECF No. 54) hereby file their Stipulated Motions in Limine to Exclude or Limit Evidence at Trial. In support of said Stipulated Motions in Limine the Parties state and allege as follows:

## I.  APPLICABLE LAW

A motion in limine is a "'pretrial request that certain inadmissible evidence not be referred to or offered at trial.'" *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (quoting Black's Law Dictionary (10th Ed. 2014)). It "'is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy.'" *Id.* (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)).  A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion. *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

The Court's analysis is guided by Federal Rule of Evidence 102: that the Federal Rules of Evidence "should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." The Court must determine relevancy, *i.e.*, whether the evidence has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401; *see also* Fed. R. Evid. 402. However, the Court may exclude otherwise relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

## II.   STIPULATED MOTIONS IN LIMINE

### a. Stipulated Motion in Limine to Exclude Evidence Concerning Settlement Negotiations.

Pursuant to Rule 408 of the Federal Rules of Evidence, the Parties stipulate to the entry of an order in limine excluding evidence concerning conduct or statements made during compromise negotiations, or communications, as such evidence is not admissible to prove the validity or amount of the Plaintiff's disputed claim.

### b. Stipulated Motion in Limine to Exclude Evidence of Liability Coverage

Pursuant to Rule 411 of the Federal Rules of Evidence, the Parties stipulate to the entry of an order in Limine to exclude evidence concerning liability coverage for Defendants, including any evidence that Defendant Park County is a member of the Wyoming Local Government Liability Pool (LGLP), or that Plaintiff submitted a claim to LGLP. Evidence that Defendants have liability insurance or liability coverage is not admissible to prove whether the Defendants acted negligently or wrongfully. Furthermore, evidence of liability insurance is not relevant to the claims made in this case and disclosure of liability insurance is more prejudicial than probative. Fed. R. Evid. 401 and 403.

### III.  CONCLUSION

The Parties respectfully request that this Court; 1) enter an order in limine excluding evidence of conduct or statements made during compromise negotiations, or communications as such evidence is not admissible to prove the validity or amount of the disputed claim, and 2) enter an order in limine excluding evidence of liability insurance or coverage for Defendants, including any evidence that Plaintiff submitted a claim to the LGLP, or any evidence that Defendant Park County is a member of the LGLP.

DATED this 13th day of December 2024.

Counsel for Plaintiff:

*/s/ Marshall E. Keller*
Marshall E. Keller

*/s/ Philip A. Nicholas*
Philip A. Nicholas

Counsel for the Defendants:

*/s/ Thomas A. Thompson*
Thomas A. Thompson

## CERTIFICATE OF SERVICE

    I hereby certify that I have electronically filed the foregoing with the Clerk of Court and served other parties by the following means on this 13th day of December 2024.

| | |
|---|---|
| Marshall E. Keller<br>Keller Law Firm, PC<br>marshall@kellerlawpc.com | [✓] CM-ECF |
| Phillip A. Nicholas<br>Nicholas & Tangeman, LLC<br>nicholas@wyolegal.com | [✓] CM-ECF |

/s/ *MaryBeth Oatsvall*
MaryBeth Oatsvall
Wyoming Local Government Liability Pool

5